**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No. 05-cr-00082-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2. RUSSELL BENSON,

    Defendant.

**ORDER GRANTING DEFENDANT'S RUSSELL BENSON'S UNOPPOSED MOTION
TO CONTINUE**

**Blackburn, J**

On July 7, 2006, this matter came before me for hearing on **Defendant's Benson's Unopposed Motion To Continue Trial Preparation Conference And Jury Trial And Convert Trial Preparation Conference to Status Hearing** [#88], filed June 28, 2006. The motion is well taken, and neither the government nor the co-defendant objects. I grant the motion.[1]

The defendant's motion implicates again[2] the Speedy Trial Act of 1974 codified at 18 U.S.C. § 3161-3174. Specifically, the motion implicates 18 U.S.C. § 3161(h)

---

[1] This order is entered to confirm, supplement, and expatiate the orders entered from the bench in open court on July 7, 2006.

[2] *See* my **Order Granting Defendant's Russell Benson's Unopposed Motion to Exclude Time from Speedy Trial** [#24] entered March 29, 2005, and my order granting the government's motion to continue [#78] entered November 17, 2005.

which provides in relevant part:

> The following periods of delay shall be excluded ... in computing the time within which the trial of any such offense must commence:
> (8)(A) Any period of delay resulting from a continuance granted by any judge ... at the request of the attorney..., if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h) and (h)(8)(A).

The Speedy Trial Act is "[d]esigned to protect a defendant's constitutional right to a speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." **U.S. v. Saltzman,** 984 F.2d 1087, 1091 (10th Cir. 1993). It requires that a criminal defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. See 18 U.S.C. § 3161(C)(1); ***United States v. Lugo,*** 170 F.3d 996, 1000-01 (10th Cir.1999). Certain periods of delay are excluded and do not count toward the seventy-day limit. See 18 U.S.C. § 3161(h)(1)-(9). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge ... on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" ***U.S. v. Hill,*** 197 F.3d 436, 440 -441 (10th Cir. 1999) (quoting 18 U.S.C. § 3161(h)(8)(A)).

In order for a continuance to qualify as an excludable "ends-of- justice" continuance under § 3161(h)(8)(A), certain prerequisites must be satisfied. ***Id.*** First, I must consider the following factors listed in § 3161(h)(8)(B):

(i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

    (ii)    Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act];

    (iii)    Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex;

    (iv)    Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After considering these factors, I must then set forth, "in the record of the case, either orally or in writing, [my] reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Although my findings "'may be entered on the record after the fact, they may not be made after the fact.'" *Hill,* 197 F.3d at 441 (quoting *United States v. Doran*, 882 F.2d 1511, 1516 (10th Cir.1989). Instead, "'[t]he balancing must occur contemporaneously with the granting of the continuance because Congress intended that the decision to grant an ends-of-justice continuance be prospective, not retroactive....'" *Id.*

A witness ostensibly material to both the government and the defendants continues to be unavailable for pretrial interview or trial due to her medical condition, which is the result of an unrelated incident in which the witness suffered serious

personal injuries. The prognosis of this material witness remains problematic. All parties urge the court to continue this matter for status conference in approximately 60 days to allow all parties an additional time in which to evaluate the availability of this material witness.

Therefore, I find that this case can not yet be set for trial. It is unreasonable to expect adequate preparation by the government or the defendants for trial proceedings within the time allowed under 18 U.S.C. § 3161(c).

I have considered the factors, which I must under 18 U.S.C. § 3161(h)(8)(B)(i)-(iv). As required by 18 U.S.C. § 3161(h)(8)(C), I have not predicated my ruling on congestion of the court's calendar or lack of diligent preparation by counsel. Accordingly, I conclude as follows:

1) That failure to grant a continuance of trial beyond the time initially prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i);

2) That the case continues to be complex within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii);

3) That even considering due diligence, failure to grant the motion would deny counsel for the government and the defendants a reasonable opportunity for effective trial preparation within the meaning of 18 U.S.C. § 3161(h)(8)(B)(iv);

4) That, therefore, the ends of justice served by granting the motion outweigh the best interests of the public and the defendants in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(8)(A);

5) That neither the government nor the co-defendant objects; and

6) That defendant Benson's unopposed motion to continue should be granted.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendant's Benson's Unopposed Motion To Continue Trial Preparation Conference And Jury Trial And Convert Trial Preparation Conference to Status Hearing** [#88], filed June 28, 2006, is **GRANTED**;

2. That the trial preparation conference set for July 7, 2006, is **VACATED**;

4. That the jury trial set to commence August 7, 2006, is **VACATED**; and

5. That the case is continued to September 15, 2005, at 9:00 a.m., for status conference at which the defendants need not appear.

Dated in chambers July 7, 2006, at Denver, Colorado, to confirm the orders entered July 7, 2006, from the bench.

                **BY THE COURT:**

                **s/ Robert E. Blackburn**
                **Robert E. Blackburn**
                **United States District Judge**